Good morning, ladies and gentlemen. Our first case for argument this morning is Choice Hotels v. Grover. Mr. Anderson. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Matthew Anderson on behalf of Appellants. We have two main issues before the Court today regarding Rule 60b-6. The first is whether or not abandonment can provide a basis for relief under Rule 60b-6, and by abandonment, I mean attorney abandonment of a client. And then the second issue, obviously, whether we can apply such a rule, if it exists, to the facts at bar. I would submit that abandonment should be considered by this Court for several reasons. I'll start with the case of Link v. Wabash, though, because that's, I believe, the genesis of both this Court's rulings and the recent Supreme Court rulings in the Holland and Maples cases. In Link, it was a civil case, and the Supreme Court made the rule that you're bound by your chosen attorney's deeds, misdeeds, or non-deeds, as it were. In other words, you incur the risk when you hire him as to what might or might not happen. That line of thinking was then carried forth through even cases involving habeas petitions, such as the Coleman case, and then forward again through Holland and then through Maples. And in fact, the Maples Court specifically addressed Link and said, yes, Link is still good law, but it's a markedly different situation when an attorney abandons a client. So what do you think happens if the victim of a tort hires a lawyer and the lawyer, abandoning the client, doesn't file a timely complaint, misses the statute of limitations, and when queried, the lawyer says, oh, I'm sorry? Do you think that means the plaintiff can pursue the defendant, notwithstanding missing the statute of limitations? That's an interesting question, and yes, I believe that would allow for that. But again, it is black-letter law. I don't believe it is black-letter law, no, Your Honor. We would have to overrule at least a dozen cases in this circuit. That's your classic malpractice situation. Correct. The lawyer drops the ball, doesn't file timely documents. It doesn't extend the statute of limitations. You just sue the lawyer. My question is, why isn't that equally true when the defendant's lawyer drops the ball? I'm not particularly sure it is equally true. I think it would hold equally true if defendant's lawyer abandoned representation in a case, as happened here. In these cases, and I believe it goes beyond a simple one drop of the ball. These are situations, as we've noted in prior cases, exceptional circumstances warranting extraordinary relief, and these circumstances must be exceptional. And I believe every case that has even addressed abandonment has said, including Maples and Holland, the facts in this case are truly exceptional, one-time, unique. So I would not suggest that we create a bright-line rule that says, oh, well, if there's abandonment, then that happens. Well, actually, I am suggesting that. But what I am suggesting also is that we only apply abandonment in a very limited context, and I think that the Maples decision allows for that in that very limited context. If an attorney fails to do one thing, calls up a client and says, whoops, that's, I believe, negligence, gross negligence, but he hasn't abandoned his representation. In this case and in other cases, the attorney simply either disappeared, stopped talking, stopped working on a case altogether. In other words, the clients were actually lured to believe that there is a case going on, and nothing was happening in any of those cases. In the Maples case alone, the case sat dormant for, I believe, over a year after the attorneys had moved on to different firms, when there was no client diligence or anything of the sort saying, hey, what's going on with this case or not? And, in fact, it was the, I believe, the Attorney General's Office from the State of Alabama who let Mr. Maples know, oh, by the way, your deadlines have passed. I don't know where your attorneys are. Sorry. So those were very unique cases, very extraordinary circumstances. So I would not suggest that we apply this doctrine lightly, but we should at least have open minds to applying it and not simply rule out all cases that are rooted in attorney misconduct. But do not warrant 60B6 relief. Excuse me. As this Court noted, and I'm actually pleased. Well, I'm not sure that you're actually arguing in a way that favors your position. You say, well, this is extraordinary, it's exceptional. The standard of appellate review when a district court denies a motion under Rule 60B6 is abuse of discretion. So you're not, it's not enough to argue to us that maybe a district court has discretion to find exceptional circumstances and revive the case. Your argument has to be that the district court is compelled to do that as a matter of law. Why is that true? I believe that the district court was compelled to consider it in this case. The district court failed to consider it on the basis that it's thought it simply did not apply because, one, Maples and Holland were death row cases and this is a civil case. So it failed to even consider whether or not abandonment was good law. That looks to me like he considered it. I apologize. Sounds to me like he considered it. Well, he considered, all right, that is true. He did consider applying it, but he never said, well, is this a case of abuse of discretion? He didn't do what you wanted him to do is what you're saying. I apologize, Your Honor. I did not hear you. I said he didn't do what you wanted him to do. That's what you're saying. Well, no, he didn't do what I wanted him to do. Otherwise, I wouldn't be here. Oh, yeah, you'd still be here. You'd just be the appellee. That's, that's, that'd be up to the other side, but I agree. I believe that the court should have considered it, not just because Maples was a broad language decision, first of all, and second of all, again, rooted in Link. And Link was, again, the basis of this court and, indeed, this panel's decisions on previous cases regarding 60B6 relief in cases of attorney misconduct. Bakery Machinery, 7108 West Grand, and Tolliver, all cite Link, all on the basis that you hired him, you're stuck with him, too bad. And it's not that I think that the opinion by Judge Bauer in Bakery Machinery left the door open for abandonment when the opinion stated, well, you know. You ought to give me a chance to close that door, I assume. I would like not to, Your Honor, thank you. But the door was left open when we said, except in cases when the act is outside the scope of the employment, which I believe was paying due diligence to principles of agency. So if you look at theory of agency in this case, did Attorney Johnson sever the attorney-client relationship and did that occasion the default or judgment against my clients in this matter? I believe that the facts overwhelmingly support that it did. Mr. Johnson appeared for a Rule 16 conference, after which he did nothing except ask for more money from his clients and then tell them, oh, by the way, I missed a request for admissions deadline or we didn't answer some requests for admissions, but I'm working on it and I'm trying to settle the case. That's about all we have in the record of anything that transpired here. But there is no, as Justice Alito said in Holland, there was no act of, he did not exhibit any sort of meaningful representation. He wasn't in his agent in any, it wasn't their agents, in any meaningful sense of the word. And I think that that's a test that we can probably employ if we move forward on this rule to use. And, again, I would not urge this Court to use the rule lightly. I think it should only be applied in extraordinary circumstances. I just think that this is such a case. So thank you. Thank you, Mr. Anderson. Mr. Barnard. Thank you, Your Honor. May it please the Court, I am Larry Barnard, and I represent the Appley Choice Hotels International, Inc. And, Your Honor, I think you grasped the central issue in this appeal, that that's the standard of review. In this case, the District Court did not abuse its discretion in denying the appellant's Rule 60B6 motion because a reasonable person could agree that exceptional circumstances do not exist to warrant the extraordinary remedy of relief from judgment. Even if this Court was inclined to adopt a rule that says abandonment constitutes extraordinary circumstances so as to exceptional circumstances so to permit the extraordinary relief from judgment under Rule 60B6, this isn't the proper case to do it. The District Court properly determined there are facts in the record which would distinguish this case from the Holland and Maples and make this case different. First, we don't really see it anywhere in the arguments for appellants in this case, but we need to remember there are two lawyers who are involved representing the appellants in connection with this litigation. While Johnson may have been the lawyer who entered his appearance in the court case, they were also represented, according to their own affidavits, by Mr. Chawla, who was a co-defendant. Their affidavits say he was representing them. He's an Illinois-licensed lawyer who was representing them in connection with this matter. Nowhere do we see any affidavits from Mr. Chawla about what he knows, what he did. We do know that he forwarded a bill from Mr. Johnson which was paid by the appellants after summary judgment was entered in this case. We also know that he forwarded the final order in judgment to the appellants after judgment was entered in this case. Other than that, Mr. Chawla and what he did appears nowhere in the record. It's possible that he knew everything that was going on in this matter. The appellants have simply failed to meet their burden to demonstrate extraordinary circumstances, even if this court were to determine that abandonment is a proper ground under Rule 60b-6 for relief. If to do so would be to ignore decades of jurisprudence by this court, I mean, basically this court has said and the Supreme Court has said that you've chosen your lawyer, you're bound by his mistakes, malpractice, deception, whatever type of misconduct you call it. In fact, in this case, I'm not sure that you could say that the actions of Johnson, even if you view the evidence most favorable to the appellants in this case, rose to the level of incompetence as the attorney in the Bakery case. And, in fact, in the Bakery case, the appellants alleged that their lawyer told them that everything was going fine all throughout the litigation. That certainly was not true here. Your Honors, we believe that the district court properly considered the arguments with respect to Maple and Hollins, found that Maple and Hollins did not apply to the facts of this case, and therefore the court did not see fit, nor would it be the proper court, to adopt a rule saying that abandonment does constitute grounds for relief under Rule 60b-6. That would be for this court to do. But the court did consider it, found Maple and Hollins were not applicable to the facts of this case, and therefore properly denied the motion for relief from judgment under Rule 60b-6. Therefore, Your Honor, we'd urge this court to affirm the judgment of the U.S. District Court for the Northern District of Indiana in its entirety. Thank you. Thank you, Counsel. Anything further, Mr. Anderson? Please, the Court. As to the involvement of a separate attorney, Mr. Chawla, Maples actually made clear that in that case there was some separate or out-of-state counsel. If counsel is unable to appear or if counsel is unable to represent the clients, then we cannot consider that counsel an agent anyway. That is within the ruling in Maples. So I would submit that Mr. Chawla's involvement as an agent in this case should not be considered. Secondly, with respect to the Bakery case, while I believe that the opinion and reasoning is sound, the argument of abandonment simply was not raised. So there wasn't an opportunity for this court to consider whether or not abandonment should or should not apply in that context. And I would also note that factually the attorney in Bakery attempted at the very end to right his wrong and came around and was involved in the case. So even that may not rise to a level of abandonment. Thank you, Your Honor. Thank you very much. The case is taken under advisement.